

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–13–435

| | |
|---|---|
| CRAIG STEVEN FARROW<br>APPELLANT | Opinion Delivered January 29, 2014 |
| | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT<br>[NO. CR–2012-92] |
| V. | |
| | HONORABLE RALPH WILSON, JR., JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED |

### JOHN MAUZY PITTMAN, Judge

A jury found appellant guilty of driving while intoxicated, fourth offense. He was sentenced to five years' imprisonment and fined $5,000. Appellant argues on appeal that the trial court erred in denying two distinct motions for mistrial. We affirm.

A circuit court's refusal to grant a mistrial is difficult to overcome. Our standard of review is well established:

> A mistrial is an extreme and drastic remedy that will be resorted to only when there has been an error so prejudicial that justice cannot be served by continuing with the trial or when the fundamental fairness of the trial has been manifestly affected. The circuit court has wide discretion in granting or denying a mistrial motion, and, absent an abuse of that discretion, the circuit court's decision will not be disturbed on appeal. Among the factors this court considers on appeal in determining whether or not a circuit court abused its discretion in refusing to declare a mistrial are whether the prosecutor deliberately induced a prejudicial response and whether an admonition to the jury could have cured any resulting prejudice.

*Burks v. State*, 2009 Ark. 598, at 7, 359 S.W.3d 402, 407 (quoting *King v. State*, 361 Ark. 402, 405, 206 S.W.3d 883, 885 (2005)). An admonition to the jury normally cures a

SLIP OPINION

prejudicial statement unless it is so patently inflammatory that justice could not be served by continuing the trial. *Moore v. State*, 323 Ark. 529, 915 S.W.2d 284 (1996). In *Moore*, unresponsive testimony that Moore admitted that he had killed a woman was held to be so patently prejudicial and inflammatory that it could not be cured by an admonition. In general, however, inadvertent references to previous illegal conduct are cured by an admonition from the circuit court ordering the jury to disregard the statement. *Mitchael v. State*, 309 Ark. 151, 828 S.W.2d 351 (1992).

Here, appellant first moved for a mistrial in response to the prosecuting attorney's statement to the jury during voir dire that:

> Now the way a DWI trial works, and any criminal trial works, is that there are two stages. Stage One, which if you are selected to the jury you will hear is the guilt phase. If you find that the defendant is not guilty the the trial is over. If you find that the defendant is guilty then you will move to Stage Two. And Stage Two is when you will hear about possible other convictions, other priors, things of that nature. If we don't get into that on —

Appellant then approached the bench, objected, and moved for mistrial. The trial court denied the motion for a mistrial but did, at appellant's request, give a curative instruction to the jury. The prosecuting attorney's statement was ill-advised and unnecessary and did suggest that there might be evidence forthcoming regarding prior convictions. However, given that the reference was only to the possibility of evidence of prior convictions, we cannot say that the statement was so patently inflammatory and prejudicial that it could not be cured by the curative instruction given by the trial court to the jury.

Appellant's second motion for a mistrial was made to the following statement by the prosecuting attorney during his opening statement:

2

SLIP OPINION



When I was a kid my mom would always tell me that if I did something wrong to own up to it. And if I had taken something that I wasn't supposed to or if I had something that I wasn't supposed to have, whether it was a cookie, whether it was a fishing lure, whether it was anything; no matter if it was her or another adult that I just needed to own up to it. It was funny because I would see a lot of times kids that—.

Appellant again asked to approach the bench, objected on the grounds that the prosecuting attorney's statements were effectively a comment on appellant's failure to testify, and moved for a mistrial. The trial court denied the motion at that time, and the prosecuting attorney continued his opening statement:

Sorry about that interruption. Some kids would just run. If you get caught doing something you're not supposed to do just take off, if they catch you they catch you. If they don't, they don't. If I ever ran, which, I mean, I can tell you honestly right now and I feel kind of bad for saying that but, yeah, I ran a couple of times. But I always, that was not the right thing to do.

We find no abuse of discretion in the trial court's refusal to grant this motion for mistrial. When a prosecutor is alleged to have made an improper comment on a defendant's failure to testify, we engage in a two-step process. We first consider whether the comment itself is an improper comment on the defendant's failure to testify; if we decide that the statement did draw attention to the defendant's failure to testify, we then determine whether it can be shown that the error did not influence the verdict. *Winters v. State*, 89 Ark. App. 146, 201 S.W.3d 4 (2005). Here, we do not consider the prosecuting attorney's comment to be a comment on appellant's failure to testify. First, the comment occurred during opening statements, before any evidence was presented. An allegedly improper comment on the defendant's failure to testify usually occurs during the prosecutor's closing argument, when the evidence is closed and the defendant's opportunity to testify has passed. *Winters*

*v. State, supra.* Second, when taken in context of the entire statement, the prosecuting attorney's remark was directed at flight, and there was evidence presented at trial that appellant gave a false name and then attempted to flee after he had been stopped by the police officer.

Affirmed.

WALMSLEY and HIXSON, JJ., agree.

*S. Butler Bernard, Jr.*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.